UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

TERRENCE FITCH,
    Plaintiff,

  v.                                                   Case No. 22-C-0523

THOMAS MCADAMS, et al.,
    Defendants.

_____

## DECISION AND ORDER

Terrence Fitch, proceeding pro se, commenced a lawsuit in this court seeking damages from several individuals involved in a paternity and child support case that is pending in the Milwaukee County Circuit Court. Before me now are the defendants' motions to dismiss the amended complaint for lack of subject matter jurisdiction and for failure to state a claim on which relief can be granted. *See* Fed. R. Civ. P. 12(b)(1) & 12(b)(6).[1]

The amended complaint is lengthy but contains relatively few concrete factual allegations. There is no complete description of the events on which the plaintiff's claims are based. However, it is clear that the plaintiff is dissatisfied with the way in which officials associated with the Milwaukee County Circuit Court handled a paternity and child support case in which he participated as the father.[2] The plaintiff sues the judge that presided

---

[1] After some defendants filed motions to dismiss the original complaint, the plaintiff filed a proposed amended complaint (ECF No. 18). After the proposed amended complaint was filed, all defendants filed motions to dismiss. The court will grant the plaintiff permission to file the amended complaint and will consider the defendants' motions to be seeking dismissal of the amended complaint.

[2] The state court case is *In re the Paternity of O.C.M.*, Milwaukee County Case Number 2017PA004443PJ.

over the case (Thomas McAdams), the court-appointed guardian ad litem (Lisa Bangert), a person whom the plaintiff describes as the child support director of Milwaukee County (James Sullivan), the former Clerk of Court of Milwaukee County (John Barrett), and three other child support officials (Ann Hetzel, Samantha Levihn, and A. Hunt). In conclusory fashion, the complaint alleges that these officials, while carrying out their official duties, violated most of the provisions of the Bill of Rights and various federal criminal laws. (*See* Am. Compl. ¶¶ 228–429.) However, the factual allegations of the complaint do not support the plaintiff's claims. Stripped of the plaintiff's conclusory assertions of wrongdoing, the complaint alleges only that each defendant performed his or her appropriate role in the state case: the judge entertained motions and entered orders, the guardian ad litem made recommendations to the court, the child-support officials attempted to collect child-support payments from the plaintiff, and the Clerk of Court administered the case by accepting and rejecting filings. Simply put, there is no viable federal claim to be found among the allegations of the amended complaint.

But before turning to the merits of the plaintiff's claims, I must be sure that I have subject-matter jurisdiction. In general, the plaintiff appears to be relying on 42 U.S.C. § 1983, in that he asserts that the defendants, while acting under color of state law, deprived him of his federally protected rights. Normally, a claim under § 1983 arises under federal law and therefore is within the subject-matter jurisdiction of a district court. However, the present case presents at least two jurisdictional problems. The first is that the plaintiff is seeking redress for injuries caused by orders entered in the state case. For example, he clams that Judge McAdams somehow violated his rights by either ordering him to pay child support or by finding him in contempt of court for failing to pay child

support. (*E.g.*, Am. Compl. ¶¶ 47–51.) These allegations present a jurisdictional problem because, under what is known as the *Rooker-Feldman* doctrine, a district court lacks jurisdiction over "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005). This doctrine prevents me from exercising jurisdiction over any claim for damages caused by entry of orders in the state paternity and child support case.

The plaintiff claims that he is not "attempting to overturn any State decisions and orders." (Am. Compl. ¶ 20.) However, his allegations belie this claim, as he repeatedly alleges that he suffered economic and other harm as a result of the state court's entering child support orders that he believes are erroneous. *See, e.g.,* Am. Compl. ¶¶ 51, 57 (alleging that because Judge McAdams ignored the plaintiff's claim that he had no income, the plaintiff has suffered damages such as not being able to afford basic living expenses). This court could not grant the plaintiff relief in connection with these allegations without first determining that the state court orders should never have been entered. Thus, many of the plaintiff's claims are barred by the *Rooker-Feldman* doctrine.

The second jurisdictional problem is that the plaintiff has not asserted a non-frivolous federal claim. This is a jurisdictional problem because federal courts are without power to entertain claims otherwise within their jurisdiction if they are "so attenuated and unsubstantial as to be absolutely devoid of merit. *Sabrina Roppo v. Travelers Commercial Ins. Co.*, 869 F.3d 568, 586–87 (7th Cir. 2017) (quoting *Gammon v. GC Servs. Ltd. P'ship*, 27 F.3d 1254, 1256 (7th Cir. 1994)). The quoted phrase is an apt description of the

3

Case 2:22-cv-00523-LA    Filed 08/02/22    Page 3 of 5    Document 28

plaintiff's claims here. The plaintiff alleges that the defendants did things during the state case that he doesn't like, but none of those things could plausibly be described as a violation of federal law. Even if the judge presiding over the case made egregious mistakes, that would be grounds for appeal, not grounds for a federal lawsuit against the judge and other officials associated with the case.

Accordingly, I will grant the defendants' motions to dismiss this case for lack of subject-matter jurisdiction under Rule 12(b)(1) and deny as moot their alternative motions to dismiss this case on the merits under Rule 12(b)(6). Ordinarily, a dismissal for lack of subject-matter jurisdiction is without prejudice. However, a frivolous suit that does not engage the jurisdiction of a federal court may be dismissed with prejudice to avoid burdening the court system with a future suit that should not be brought anywhere. *Georgakis v. Ill. State Univ.*, 722 F.3d 1075, 1077–78 (7th Cir. 2013). Because the plaintiff's suit is frivolous, it will be dismissed with prejudice. Also, I note that a district court should ordinarily grant a pro se litigant leave to amend a deficient complaint. *See, e.g., Tate v. SCR Medical Transp.*, 809 F.3d 343, 346 (7th Cir. 2015). But here, because the plaintiff's suit is frivolous, leave to amend would be futile, and therefore I will dismiss the case without granting further leave to amend.

Finally, I note that some of the defendants have asked that I exercise my inherent power to sanction the plaintiff for filing this frivolous case by imposing monetary penalties or entering an injunction against further litigation. They point out that the state court has already sanctioned the plaintiff for similar conduct, and yet he persisted by filing the present case. However, at this stage, I believe that the sanction of dismissal with prejudice is sufficient. But I will warn the plaintiff that if he continues to file frivolous claims against

the participants in the paternity and child support case in this court, this court will likely impose additional sanctions. Such sanctions may include a fine and an order requiring the clerk of this court to return unfiled any papers that the plaintiff attempts to file until the fine is paid in full. *see Support Systems Int'l, Inc. v. Mack*, 45 F.3d 185 (7th Cir. 1995).

For the reasons stated, **IT IS ORDERED** that the defendants' motions to dismiss (ECF Nos. 9, 14, 19, 21 & 24) are **GRANTED** to the extent that the complaint and this action are dismissed with prejudice for lack of subject-matter jurisdiction. The defendants' alternative motions to dismiss this case on the merits are denied as moot. The Clerk of Court shall enter final judgment.

Dated at Milwaukee, Wisconsin, this 2nd day of August, 2022.

/s/Lynn Adelman_____
LYNN ADELMAN
United States District Judge

5

Case 2:22-cv-00523-LA    Filed 08/02/22    Page 5 of 5    Document 28