UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

TERRENCE FITCH,
    Plaintiff,

v.                                                       Case No. 22-C-0523

THOMAS MCADAMS, et al.,
    Defendants.

## DECISION AND ORDER

In an order dated August 2, 2022, I dismissed this case for lack of subject-matter jurisdiction, reasoning that the plaintiff's claims were barred by the *Rooker-Feldman* doctrine and frivolous. The plaintiff has since filed a motion for reconsideration under Federal Rule of Civil Procedure 59(e) and a motion that I recuse myself from the case.

A motion under Rule 59(e) is to be used only to correct a manifest error of law or fact, not as a vehicle to reargue matters that either were or could have been argued during the proceedings the resulted in the original decision. *See, e.g. Oto v. Metropolitan Life Ins. Co.*, 224 F.3d 601, 606 (7th Cir. 2000). The plaintiff's motion for reconsideration merely reargues the issues that he either addressed or could have addressed prior to my original decision. As I see no manifest error of law or fact, the motion for reconsideration will be denied.

The plaintiff does not develop an argument in support of his motion for recusal, but the only possible grounds for recusal could be my prior decision to dismiss his case. It is firmly established that adverse judicial rulings are not grounds for a judge's recusal. *See Liteky v. United States*, 510 U.S. 540, 555 (1994). Accordingly, the plaintiff's motion for recusal will be denied.

For the reasons stated, **IT IS ORDERED** that the plaintiff's motion for reconsideration and motion for recusal (ECF No. 30) is **DENIED**.

Dated at Milwaukee, Wisconsin, this 3rd day of October, 2022.

/s/Lynn Adelman
LYNN ADELMAN
United States District Judge